

ORIGINAL
FILED
2010 MAY 21 P 4:07
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

COPY

BRUCE L. SIMON (Bar No. 96241)
bsimon@pswplaw.com
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

MICHAEL P. LEHMANN (Bar No. 77152)
mlehmann@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, California 91404
Telephone: (415) 633-1908
Facsimile: (415) 693-0770

[Additional counsel listed on signature pages]

Attorneys for Plaintiff Jonathan Huber and
All Others Similarly Situated

DMR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 10 2213

| | |
|---|---|
| JONATHAN HUBER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, formerly SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jonathan Huber ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following:

## INTRODUCTION

1. Defendant Sony Computer Entertainment America, LLC, formerly Sony Computer Entertainment America, Inc. ("SCEA") is one of the world's leading

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

FAXED

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  manufacturers of advanced video gaming and computer entertainment systems.  Its Sony

2  PlayStation® 3 video game console (hereinafter referred to as the "PS3") has been

3  purchased by approximately 35.7 million consumers across the globe.

4       2.     When it first introduced the PS3 in 2006, SCEA advertised, promoted,

5  marketed, warranted, and sold the system as more than just a video game console.  It

6  specifically advertised the PS3's "Other OS" feature as an essential and important

7  characteristic, which enabled users to install the Linux operating system in the PS3 and use

8  the PS3 as a personal computer.  SCEA used the PS3's ability to serve as a personal

9  computer, in addition to its other advanced features such as the capability of playing Blu-

10 ray DVDs, to distinguish the PS3 from its competitors, such as Microsoft's X-box 360 and

11 Nintendo's Wii.

12      3.     On April 1, 2010, SCEA released a Firmware version 3.21 software update

13 (hereinafter referred to as the "Firmware update 3.21") for the PS3, intentionally disabling

14 the "Other OS" feature that enabled the PS3 to be operated as a personal computer for

15 purported "security reasons."  This action directly contravened one of the PS3's primary

16 purposes, *i.e.*, its use as a personal computer, and constituted breaches of express and

17 implied warranties, conversion, and violations of numerous California and federal

18 consumer protection laws.

19      4.     Plaintiff brings this action on behalf of a nationwide class of all similarly

20 situated individuals and entities who purchased any new PS3 model containing the "Other

21 OS" feature for personal or business use, and not for resale.

22                                    **PARTIES**

23      5.     Plaintiff Jonathan Huber is an individual residing in Knoxville, Tennessee.

24 Mr. Huber purchased a PS3 in or around December 2007 for $599.00 plus tax.  Mr. Huber

25 purchased a PS3, in part, because of the "Other OS" feature that SCEA advertised,

26 promoted, marketed, warranted and sold.  He partitioned the PS3 hard drive, installed the

27 Linux operating system and used the PS3 as a personal computer.

28      6.     Mr. Huber downloaded and installed the Firmware update 3.21 as he was not

1  able to play games online unless he did so.  This installation, as was SCEA's intention,

2  caused him to be unable to access the "Other OS" feature and the Linux operating system

3  he had installed.  As a result of SCEA's actions, Mr. Huber has suffered an injury.

4        7.      Defendant Sony Computer Entertainment America, LLC is a wholly-owned

5  subsidiary of Sony Computer Entertainment, Inc.  SCEA designs, markets, and sells

6  PlayStation video game consoles throughout the United States, including the PS3 at issue

7  here.  SCEA is a Delaware entity with its principal place of business in Foster City,

8  California.

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

9  **JURISDICTION AND VENUE**

10        8.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §

11  1332, as amended by the Class Action Fairness Act ("CAFA").  Jurisdiction is proper

12  because: (a) at least one Class member is of diverse citizenship from Defendant SCEA; (b)

13  there are more than 100 members of the proposed Class nationwide; and (c) the amount in

14  controversy exceeds $5,000,000, exclusive of interest and costs.

15        9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and

16  (c) because Defendant SCEA resides in the district and a substantial part of the events or

17  omissions giving rise to the claims occurred in this district.

18  **INTRADISTRICT ASSIGNMENT**

19        10.     Pursuant to Local Rules 3-2(c) and 3-5(b), this matter should be assigned to

20  the San Francisco Division of the Northern District of California because SCEA resides in

21  San Mateo County, California, and a substantial part of the acts, events, or omissions

22  giving rise to the claims alleged herein occurred in San Mateo County.

23  **CHOICE OF LAW**

24        11.     California law governs claims asserted herein by Plaintiff and the Class

25  Members.

26        12.     Upon information and belief, SCEA's acts and omissions discussed herein

27  were orchestrated and implemented at SCEA's headquarters in California.

28        13.     California, which seeks to protect the rights and interests of California and

1   other U.S. residents against a company doing business in California, has a greater interest

2   in the claims of Plaintiffs and the Class Members than any other State.

3          14.    Application of California law with respect to Plaintiff's and the Class

4   Members' claims is neither arbitrary nor fundamentally unfair because California has

5   significant contacts and a significant aggregation of contacts that create a state interest in

6   the claims of the Plaintiff and the Nationwide Class.

7                            **FACTUAL ALLEGATIONS**

8          **A.    Background to SCEA and PS3**

9          15.    Defendant SCEA is a wholly-owned subsidiary of Sony Computer

10   Entertainment, Inc. (hereinafter referred to as "SCEI" or "Sony").  SCEA was founded in

11   1994 with the purpose of promoting the growth of the PlayStation® brand in North

12   America.

13         16.    In 1995, SCEA introduced the first PlayStation® video game console in the

14   United States.  The PlayStation® was an instant success, enjoying sales of more than

15   100,000 units in its debut weekend and more than 1 million units in its first six months.

16   The PlayStation became one of the most successful video game systems ever created,

17   totaling more than 100 million shipments worldwide.

18         17.    In November 2006, SCEA introduced the PS3, which it envisioned as the

19   most advanced computer entertainment system in the industry.   SCEA advertised,

20   promoted, marketed, warranted, and sold the PS3 as more than just a video game console.

21   Indeed, Ken Kutaragi, former President of SCEI, stated before the PS3's release,

22   "Speaking about the PS3, we never said we will release a game console.  It [the PS3] is

23   radically different from the previous PlayStation.  It is clearly a computer."[1]

24         18.    In remarks made to Japanese website Impress Watch, Ken Kutaragi has

25   commented in more detail on the concept that the PlayStation 3 is a computer, rather than a

26   _____

27   [1] http://playstationlifestyle.net/2010/04/17/sony-refuses-ps3-linux-reimbursment/

28

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

game console.  Kutaragi pointedly commented, "[w]e don't say it's a game console (*laugh*) - PlayStation 3 is clearly a computer, unlike the PlayStations [released] so far." He went on to outline a scenario where many parts of the PS3 were upgradable, much more like a PC, noting, "[s]ince PS3 is a computer, there are no 'models' but 'configurations.'"  The Sony CEO gave another example in the interview: "As PS3 is a computer . . . it also wants to evolve."[2]

19.    According to Sony, "in addition to playing games, watching movies, listening to music, and viewing photos," the PS3 was designed with the ability to "***run the Linux operating system***.  By installing the Linux operating system, [consumers could] use the PS3™ system not only as an entry-level personal computer with hundreds of familiar applications for home and office use, but also as a complete development environment for the Cell Broadband Engine™ (Cell/B.E.) [an advanced processor]." [3] (emphasis added in first sentence).

20.    The PS3's ability to run the Linux operating system and be used as a personal computer distinguished it from its most notable competitors, Microsoft's Xbox-360 and Nintendo's Wii.  The ability to operate as a computer and play Blu-ray DVDs was a unique feature possessed only by the PS3, and the overwhelming reason why the PS3 was originally sold for $599.00, more than any other gaming console on the market.

**B.    PS3's "Other OS" Feature**

21.    SCEA actively marketed, promoted, and advertised the PS3's "Other OS" feature, which enabled the installation of the Linux operating system.  Examples of such marketing and advertising include the following:

a.    SCEA's PlayStation Knowledge Center states, "[t]he PlayStation 3 provides an option for third-party system software to be installed on the PS3™ system

---

[2] http://www.gamasutra.com/php-bin/news_index.php?story=9642

[3] http://www.playstation.com/ps3-openplatform/index.html

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 941 04

1  instead of the system software provided by Sony Computer Entertainment Inc.  Such third-
2  party system software is referred to as an 'Other OS.'"[4]

3      b.      Sony's own manual states, "it was fully intended that you, a PS3
4  owner, could play games, watch movies, view photos, listen to music, and run a full-
5  featured Linux operating system that transforms your PS3 into a home computer."[5]

6      c.      Phil Harrison, former SCEI executive, remarked in May 2006, "[w]e
7  think that Playstation 3 is the place where our users will be doing their gaming, their movie
8  watching, their Web browsing and a lot of other computer entertainment functions.  That
9  will satisfy them.  Playstation 3 is a computer.  We don't need the PC."[6]

10     d.      Phil Harrison later stated, "[o]ne of the most powerful things about
11  the PS3 is the 'Install Other OS' option."[7]

12     22.    The "Other OS" feature was an important and material tool that many
13  consumers valued when purchasing a PS3.  It gave consumers all of the functions of a
14  personal computer, including web browsing, storage, video and media entertainment, and
15  word processing capabilities.

16     23.    Plaintiff and the Class reasonably relied on the SCEA's promises,
17  representations, warranties and advertising in deciding to purchase the PS3.  The falsity of
18  SCEA's promises, representations, warranties, and advertising has injured Plaintiff and the
19  Class.

20     **C.    SCEA's Firmware update 3.21 and Disabling of "Other OS" Feature**

21     24.    In or around August 2009, SCEA announced the introduction of its new PS3
22  "slim" model.  This model did not include the "Other OS" feature.

23  _____

24  [4] http://us.playstation.com/support/answer/index.htm?a_id=469

25  [5] http://www.gamespot.com/news/6162316.html?tag=result;title;0

26  [6] http://games.gearlive.com/playfeed/article/phil-harrison-the-playstation-3-is-a-computer-05311143/

27  [7] http://www.wired.com/gamelife/2007/02/dice_sonys_phil/

28

25.     That same month, Sony engineer Geoffrey Levand wrote to a PS3 mailing list, "[t]he feature of 'Install Other OS' was removed from the new 'Slim' PS3 model to focus on delivering games and other entertainment content.  Please be assured that [Sony] is committed to continue the support for previously sold models that have the 'Install Other OS' feature and that this feature *will not be disabled* in future firmware releases." (emphasis added).[8]

26.     Despite this public assurance, on March 28, 2010, SCEA announced on its PlayStation blog that it planned to release the Firmware update 3.21 on April 1, 2010, and that the update "will disable the 'Install Other OS' feature that was available on the PS3 systems prior to the current slimmer models, launched in September 2009."[9]

27.     SCEA claims that consumers can "choose" not to upgrade their PS3 systems, but that doing so would render the following advertised and promoted features unavailable:

      a.     Ability to sign in to the PlayStation Network to play games online and use online features that require signing in to the PlayStation Network (such as chat);

      b.     Playback of PS3 software titles or Blu-ray DVDs that require software version 3.21 or later;

      c.     Playback of copyright-protected videos that are stored on a media server; and

      d.     Use of new features and improvements that are available on software version 3.21 or later.[10]

28.     These features, especially the ability to play Blu-ray DVDs and sign in to the PlayStation Network to play games online, are unique features that are invaluable to PS3 users.   Thus, SCEA has hardly presented users with a fair "choice": users must either

---

[8] http://lists.ozlabs.org/pipermail/cbe-oss-dev/2010-February/007202.html

[9] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/

[10] Id.

7

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  download the Firmware update 3.21 and lose the ability to operate the advertised "Other

2  OS" feature, or continue using old software and lose numerous previously available and

3  advertised features, such as online access and Blu-ray technology.

4      29.    SCEA did not provide any additional notice to PS3 users that the above

5  features would become unavailable unless they installed the Firmware update 3.21.  In

6  fact, many users did not realize that these features had become unavailable until they

7  attempted to access them on or after installation of the firmware update.

8      30.    Some users, including the United States Air Force, bought PS3s solely for

9  the Other OS functionality.  For example, the Air Force Research Laboratory in Rome,

10  New York bought 1,700 PS3 systems in 2009 to build a processing cluster.  When

11  contacted about the firmware update, the Air Force noted, ""we will have to continue to

12  use the systems we already have in hand [but] this will make it difficult to replace systems

13  that break or fail.  The refurbished PS3s also have the problem that when they come back

14  from Sony, they have the firmware (gameOS) and it will not allow Other OS, which seems

15  wrong."  Smaller clusters have been used by researchers in North Carolina and

16  Massachusetts.[11]

17      31.    At least one consumer in the United Kingdom was able to obtain a refund

18  from amazon.com.uk for £84 for his PS3 after installing the update.  The consumer relied

19  on a European Consumer directive that requires that goods comply with the description

20  given to the seller.[12]

21      32.    Plaintiff and other consumers nationwide relied on SCEA's representation

22  that they would be able to use their PS3s as personal computers when they purchased them

23  ,and SCEA intended such reliance.  Since SCEA's release of the Firmware update 3.21,

24  thousands of PS3 users have written complaints, both to Sony and on various internet

25

26  [11] http://arstechnica.com/gaming/news/2010/05/how-removing-ps3-linux-hurts-the-air-force.ars?utm_source=rss&utm_medium=rss&utm_campaign=rss

27  [12] http://www.geeksaresexy.net/2010/04/16/ps3-user-gets-linux-refund/

28

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

websites and message boards.  Examples of such complaints include:

33.    "It's a lose/lose situation for the consumer. . . . Either way I'm not getting functionality I paid for.  The problem is they're removing features that owners of PS3's paid for. Yes there may be a security flaw but removing an entire feature because of 'security' is wrong.  It would be like removing the web browser from the iphone because of a security flaw instead of just patching it.  It's the principle that we should be able to use the features that we paid for."[13]

34.    "Sony advertised the initial PS3 launch as having this other os feature. they charged more for those PS3s. They also have backwards compatability with PS2 games. If they are allowed to remove this one feature, then it sets a precedent that they can remove ANY feature. It's false advertising and anyone with half a brain knows it.  What if sony decided to remove the backwards compatability from those who paid a lot of money to have a ps3 with that feature? What if they turned around and said they are removing the hard drive feature so now everyone has to buy memory sticks?  removing any feature advertised for the console AFTER it has been purchased is a violation of a contract."[14]

35.    "Huge step backward. This is one of the features I bought the paystation [sic] for. You may need to offer a 'send your playstation in for a full refund' choice, as you are REMOVING functionality that was part of the base product. . ."[15]

36.    "So people who bought their units specifically because it said there on the box it can do all these things, including OtherOS (it's a wonderfully cheap system to experiment with Cell programming techniques) are now left high and dry? I paid for the ability to run Linux, AND for the ability to access the entire library of games, PSN and movie content. So simply saying 'if you like it, don't update' is NOT good enough.. either

---

[13] http://www.facebook.com/#!/group.php?gid=108791735810041&v=wall&ref=search

[14]  http://boards.ign.com/ps3_lobby/b8269/191817613/p32

[15] http://blog.eu.playstation.com/2010/03/29/ps3-firmware-3-21-coming-april-1st/ [Comment #1]

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  way you are forcing me to surrender 50% of my use cases. So I can not "choose not to

2  upgrade your system," thank you very much. Sure, I know not to purchase a slim ps3, but

3  that is known in advance of any sale. Removing functionality after the transaction has

4  taken place, after you have my money is not on. Where does it say somewhere that I could

5  have been made aware of prior to purchase that "Sony reserves the right to remove

6  advertised functionality at any time in the future"? I must have missed that one in the small

7  print."[16]

8      37.    "Linux usage was a big selling point for me when I shelled out $599 for a

9  PS3 back in April of 2007, one of the system's lowest selling time periods. Sony keeps

10  talking up customer loyalty, but keeps taking away the features that earned our loyalty.

11  First you remove PS2 BC from new systems, and now linux from all of them?? . . ."[17]

12     38.    "The Ability to install an alternative OS was a feature that was granted when

13  I bought my PS3 and I want to keep that feature and also want my PS3 fully functional.

14  Having *BSD or Linux on my Console was one of the reasons why I had chosen PS3

15  over XBox360. I'm really disappointed that the 'alternative OS' will be removed with the

16  next Firmware-Update.. I really hope that Sony rethinks that step and will reimplement the

17  alternative OS-Feature."[18]

18     39.    "Dear Sony, I am extremely disappointed that you have decided to remove

19  the OtherOS feature from the "phat" PS3s. I am a site administrator for the community-

20  based Yellow Dog Linux board; I have spent a lot of time learning the ins and outs of PS3

21  Linux while helping folks with many different questions. Over time, I've really come to

22  enjoy this Linux and the community that had sprung up around it. We had seen a slight

23  _____

24  [16] http://blog.eu.playstation.com/2010/03/29/ps3-firmware-3-21-coming-april-1st/
   [Comment #24]

25  [17] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-

26  2/#comment-370745 [Comment #81]

27  [18] http://blog.eu.playstation.com/2010/03/29/ps3-firmware-3-21-coming-april-

28  (footnote continued)

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

decline in membership after the OtherOS-less PS3 slim was released, but we'd still been attracting new members. For many folks, this is their first introduction to Linux and computer science. So – once again – we've lost another feature from Ken Kutaragi's vision of the original PS3. This really makes me wonder why I was an early adopter. Everything I enjoyed about the launch console has been taken away in the new machines, but I could console myself that I could at least enjoy the features on my new machine. Now – even that is being taken away from me. I know I'm just one voice out there in the wilderness, but I would beg you, Sony, to reconsider this decision. This is a great feature, the loss of which becomes one less item to distinguish you from your competition. . ."[19]

40.    "Very disappointed Sony. I bought my PS3 for using Other OS and for play[ing] PS3 games (for as long as PS3 games are available). You are now removing the reason I purchased it, making it not suitable for its intended and advertised purpose. How about a refund?"[20]

41.    "Hey Sony, whatever happened to 'It only does everything.' You should just change it to 'It used to do everything.' It's really a shame that you are taking a feature away from my Playstation which I paid for. I have had the 20gb system from the system launch since it came out and have had Linux on it just as long. You even advertised this functionality on the box and now you're taking it away? And what about all the people that paid for Yellow Dog Linux? Are you going to refund that money to us because you decide it's better that you are taking away a feature? What's next? Are you going to disable Playstation 2 backwards compatibility? . . ."[21]

---

1st/comment-page-3/#comments [Comment #108]

[19] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-11/#comment-371203 [Comment #506]

[20] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-12/#comment-371252 [Comment #552]

[21] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-20/#comment-371679 [Comment #959]

42.     "This is a feature that I specifically paid for when purchasing a PS3, and it has served me well in situations when my laptop has been down for repairs. I don't buy the argument that it is a security risk either. Since linux is being virtualized on the PS3, how is it exactly impacting the main OS? The two hard drive partitions have absolutely no access to each other. Furthermore, the Playstation 2 continues to have optional linux support. So what is the real reason for the removal of this feature? I think the reason is simple: there is no way for Sony to profit from this feature or to monetize it in any way, so they are removing it. The idea that the PS3 only does "everything" could also begin a downhill spiral after updates like this begin to come out. Listen up Sony, if your company is that hell bent on removing the feature, then take it out of systems that have had not history of using it and keep it for users who have existing installations. This solution should allow people to install a secondary operating system before doing the system update if they choose, and will stop more linux fans from berating your customer service. Thank you."[22]

43.     "The reason I went with a PS3 instead of a [Xbox] 360 is because you offered the option to officially install linux. I have been using it as my primary home PC for years. I do not have any other computer because my PS3 works just fine for all my needs. Removing functionality that was *a selling point* is absurd."[23]

44.     As a direct and proximate result of SCEA's removal of the "Other OS" feature, Plaintiff and similarly situated Class Members have been injured in that they have lost access to important and material features that were advertised, promoted, marketed, warranted and sold to them when they purchased their PS3s.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action on behalf of himself and all other similarly

---

[22] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-21/#comment-371746 [Comment #1022]

[23] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-32/#comment-371252 [Comment #1557]

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

situated consumers as members of a proposed nationwide Class pursuant to Federal Rule of Civil Procedure 23.

46.     The Class is defined as:

> All individuals and entities residing in the United States who purchased any new PS3 model with the Other OS feature for personal or business use, and not for resale.

47.     Excluded from the Class are SCEA and its parent companies, subsidiaries, affiliates, officers and employees; any co-conspirators; all governmental entities; and any judges or justices assigned to hear any aspect of this action.

48.     The Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased SCEA's PS3.

49.     There is a well-defined community of interest among the proposed Class Members, and the disposition of all their claims in a single action will provide substantial benefits to all parties and to the Court.

50.     The claims of the representative Plaintiff are typical of the claims of the Class Members in that the representative Plaintiff, like all Class Members, purchased a PS3, which SCEA advertised, promoted, marketed, warranted and sold as containing "Other OS" capabilities.

51.     The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that he did not get what he paid for.

52.     The factual bases for SCEA's misconduct are common to all Class Members and represent a common thread of wrongdoing resulting in injury to all members of the Class.

53.     Plaintiff will fairly and adequately protect the interests of the Class.  He has retained counsel with substantial experience in prosecuting consumer class actions, and specifically actions involving defective products.

54.     Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class, and have the financial resources to do so.  Neither Plaintiff nor his

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    counsel has any interests adverse to those of the Class.

2        55.    Plaintiff and the Class Members have all suffered and will continue to suffer

3    harm and damages as a result of SCEA's unlawful and wrongful conduct.

4        56.    The prosecution of separate actions by thousands of individual Class

5    Members would create a risk of inconsistent or varying adjudications with respect to

6    individual Class Members, thus establishing incompatible standards of conduct for

7    Defendant.

8        57.    The prosecution of separate actions by individual Class Members would also

9    create the risk of adjudications with respect to them that would, as a practical matter, be

10   dispositive of the interests of the other Class Members who are not a party to such

11   adjudications and would substantially impair or impede the ability of such non-party Class

12   Members to protect their interests.

13       58.    SCEA has acted or refused to act on grounds generally applicable to the

14   entire Class, thereby making appropriate final declaratory and injunctive relief with respect

15   to the Class as a whole.

16       59.    There are numerous questions of law and fact common to Plaintiff and the

17   Class that predominate over any questions that may affect individual Class Members, and

18   include the following:

19           a.    Whether SCEA's implementation of the Firmware update 3.21 and

20   disabling the "Other OS" feature constitutes a breach of implied warranty;

21           b.    Whether SCEA's implementation of the Firmware update 3.21 and

22   disabling the "Other OS" feature constitutes a breach of express warranty;

23           c.    Whether SCEA violated the California Consumers Legal Remedies

24   Act (Cal. Civ. Code §§ 1750, *et seq.*) by making false representations concerning the

25   characteristics, uses, or benefits of the PS3 and subsequently implementing the Firmware

26   update 3.21 and disabling the "Other OS" feature;

27           d.    Whether SCEA violated the California Consumers Legal Remedies

28   Act (Cal. Civ. Code §§ 1750, *et seq.*) by advertising the PS3 without the intent to sell it as

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1 advertised;

2          e.          Whether SCEA violated California's false advertising law (Cal. Bus.

3 & Prof. Code §§ 17500, *et seq.*) by advertising that the PS3 could operate the Linux

4 operating system and subsequently implementing the Firmware update 3.21 and disabling

5 the "Other OS" feature;

6          f.          Whether SCEA violated the implied warranty of merchantability by

7 warranting that the PS3 could operate the Linux operating system and subsequently

8 implementing the Firmware update 3.21 and disabling the "Other OS" feature;

9          g.          Whether SCEA converted Plaintiff's and the Class's PS3s by

10 removing the "Other OS" feature and the ability to run the Linux operating system;

11          h.          Whether SCEA created express and implied warranties regarding the

12 PS3;

13          i.          Whether SCEA violated the Magnuson-Moss Warranty Act by selling

14 the PS3 in a substantially diminished condition than that as warranted;

15          j.          Whether SCEA's conduct violated California's Unfair Competition

16 Laws (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

17          k.          Whether Plaintiff and the Class are entitled to compensatory,

18 exemplary and statutory damages, and the amount of such damages; and

19          l.          Whether SCEA should be ordered to disgorge, for the benefit of the

20 Class, all or part of the ill-gotten gains it received from the sale of the PS3, and/or to make

21 full restitution to Plaintiff and the Class Members.

22          60.          Given: (i) the substantive complexity of this litigation; (ii) the size of

23 individual Class Members' claims; and (iii) the limited resources of the Class Members,

24 few–if any–Class Members could afford to seek legal redress individually for the wrongs

25 Defendant has committed against them.

26          61.          Class treatment of common questions of law and fact would also be superior

27 to multiple individual actions or piecemeal litigation in that class treatment will foster an

28 orderly and expeditious administration of Class claims, economies of time, effort and

1   expense, and uniformity of decision.

2       62.    This action presents no difficulty that would impede the Court's management

3   of it as a class action, and a class action is the best and/or the only available means by

4   which members of the Class can seek legal redress for the harm caused by Defendants.

5       63.    Absent a class action, Class Members will continue to incur damages and

6   Acer's misconduct will continue without remedy.

7       64.    A class action is superior to other available methods for the fair and efficient

8   adjudication of the controversy.

9       65.    The issues common to Plaintiffs' and the Class Members' claims, some of

10   which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4)

11   as resolution of these issues would materially advance the litigation, and class resolution of

12   these issues is superior to repeated litigation of these issues in separate trials.

13   **FIRST CAUSE OF ACTION**

14   **(Breach of Express Warranty)**

15       66.    Plaintiff hereby incorporates by reference paragraphs 1 through 65, inclusive

16   of this Complaint, as though fully set forth in this cause of action.

17       67.    SCEA expressly warranted via its advertising, statements, brochures, website

18   information, public statements, and representations the functionality of the PS3.

19   Specifically, SCEA disseminated information to the general public, including Plaintiff and

20   the Class, that the PS3 could be used as a personal computer via the Linux operating

21   system.

22       68.    Upon application of the Firmware update 3.21 and the disabling of the

23   "Other OS" feature, the PS3 no longer conformed to these express representations of

24   SCEA.

25       69.    As a result of SCEA's breach of the express warranty, Plaintiff and the Class

26   were injured.

27   / / /

28   / / /

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Warranty of Merchantability)**

70.     Plaintiff hereby incorporate by reference paragraphs 1 through 69, inclusive of this Complaint, as though fully set forth in this cause of action.

71.     SCEA is a merchant as defined by applicable Uniform Commercial Code ("U.C.C.") provisions and sold PS3 consoles to Plaintiff and members of the Class.

72.     SCEA impliedly warranted to Plaintiff and members of the Class that the PS3 was merchantable and fit for personal or business computing.  Specifically, SCEA impliedly warranted that the PS3 could utilize other operating systems (such as Linux) and be used as personal computer.

73.     Plaintiff and the Class were in privity with SCEA as a result of SCEA's express written warranties, upon which Plaintiff and the Class relied, or by SCEA acting in concert with other agents, servants, partners, aiders and abettors, co-conspirators and/or joint venturers that were direct sellers, such as sister company Sony Electronics, Inc. and SCEA's authorized retail stores.

74.     As alleged herein, SCEA's Firmware update 3.21 breached the implied warranty of merchantability because it eliminated the "Other OS" feature and the ability to use the PS3 as a personal computer.  SCEA's actions have rendered the PS3 unmerchantable and unfit for its intended purpose.

75.     SCEA's conduct in eliminating the "Other OS" functionality and failure to adequately disclose to the Plaintiff and the Class that the Firmware update 3.21 would eliminate the "Other OS" feature, is a breach of SCEA's obligation of good faith and fair dealing.

76.     SCEA knew or should have known that the Firmware update 3.21 had the aforesaid properties and would render the PS3 unmerchantable and unfit for its intended use or purpose.

77.     SCEA had reasonable and adequate notice of the Plaintiff and the Class Members' claims for breach of implied warranty of merchantability via the publicly

1 available consumer complaints predating the filing of this pleading, and failed to cure.

2     78.    As a result of SCEA's breaches of implied warranty, Plaintiff and members

3 of the Class have been injured and are entitled to equitable/injunctive relief and/or

4 damages in a measure and amount which are to be determined at trial.

5 <div align="center">**THIRD CAUSE OF ACTION**</div>

6 <div align="center">**(Violation of the California Consumer Legal Remedies Act)**</div>

7     79.    Plaintiff hereby incorporates by reference paragraphs 1 through 78, inclusive

8 of this Complaint, as though fully set forth in this cause of action.

9     80.    SCEA is a "person," as defined by Cal. Civil Code § 1761(c).

10     81.    Plaintiff and the Class Members are "consumers," within the meaning of Cal.

11 Civil Code § 1761(d).

12     82.    The PS3 is a "good," within the meaning of Cal. Civil Code § 1761(a).

13     83.    Plaintiff's purchase of the PS3 constituted a "transaction," as that term is

14 defined in Cal. Civil Code § 1761(e).

15     84.    SCEA's acts and omissions, as alleged herein, violated the California

16 Consumer Legal Remedies Act ("CLRA") and Cal. Civ. Code § 1770(a)(5)'s proscription

17 against representing that goods have uses, characteristics, or benefits they do not actually

18 have; Cal. Civ. Code § 1770(a)(7)'s proscription against representing that goods are of a

19 particular standard, quality, or grade when they are of another; and Cal. Civ. Code §

20 1770(a)(9)'s proscription against advertising goods with an intent not to sell them as

21 advertised.

22     85.    Since the 2006 introduction of the PS3 by SCEA, it advertised, promoted,

23 marketed, warranted, and sold this system as a personal computer. This practice continued

24 up to the release of the Firmware update 3.21 which disabled the "Other OS" feature and

25 the ability to use the PS3 as a personal computer.

26     86.    Further, SCEA failed to adequately disclose, at the time of purchase, that it

27 might disable the "Other OS" feature. SCEA also failed to adequately disclose that the

28 Firmware update 3.21 would disable the "Other OS" feature when installed on a PS3, or

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   give consumers a viable option of not installing the Firmware update 3.21.

2       87.     For those Class Members who became aware of the crippling effect of the

3   Firmware update, and had the ability to choose whether or not to install the update, SCEA

4   left them without much of a choice.  If the PS3 is not updated with the Firmware update

5   3.21, many of the other promoted PS3 features are disabled, such as: (1) the ability to sign

6   into the PlayStation Network to play games online and use other online features; (2)

7   playback of PS3 software titles or Blu-ray DVDs that require version 3.21 or later; (3)

8   playback of the copyrighted protected videos that are stored on a media server; and (4) use

9   of new features and improvements that are available on version 3.21 or later.

10      88.     The facts that SCEA failed to disclose, concealed, and/or misrepresented are

11  material in that reasonable consumers would consider them important in deciding whether

12  or not to purchase (and/or pay the same price for) the PS3.  Had Plaintiff and the Class

13  known that SCEA was going to disable the other OS feature and thereby preclude the

14  PS3's use as a personal computer, they would not have purchased the PS3 or would have

15  paid less for it.

16      89.     In  failing  to  disclose  this  information,  SCEA  has  knowingly  and

17  intentionally concealed material facts and breached its duty not to do so.

18      90.     SCEA knew that it might disable the "Other OS" feature and that the

19  Firmware update 3.21 would cripple the PS3.

20      91.     SCEA's concealment and deceptive practices, in violation of the CLRA,

21  were designed to and did induce Plaintiff and the Class to purchase the PS3.

22      92.     SCEA performed the acts herein alleged in connection with the design,

23  marketing, advertising, warranty, and/or sale of the PS3 with a knowledge and intent to

24  defraud and deceive Plaintiff and the Class.

25      93.     Plaintiff, on behalf of himself and all other similarly situated, demands

26  judgment against SCEA under the CLRA for injunctive relief, restitution and/or

27  disgorgement of funds paid to SCEA to purchase the PS3, and/or an injunction requiring

28  SCEA to enable the Other OS feature of the PS3, free of charge, and an award of

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    attorneys' fees and costs.

2       94.    Plaintiff's counsel put SCEA on notice that it was in violation of the

3    Consumer Legal Remedies Act on May 21, 2010.  Plaintiff will amend this complaint

4    thirty (30) days after the affirmation of this letter was sent to SCEA to include a request for

5    damages.  *See* Cal. Civ. Code § 1782(d).

6                          **FOURTH CAUSE OF ACTION**

7                                **(Conversion)**

8       95.    Plaintiff hereby incorporates by reference paragraphs 1 through 94, inclusive

9    of this Complaint, as though fully set forth in this cause of action.

10      96.    By purchasing a PS3, Plaintiff and each member of the Class became owners

11   of their PS3 and all of their PS3's features.  Thus, the "Other OS" feature, which was

12   designed, marketed, and built-in to the PS3, was Plaintiff's and the Class's property.

13      97.    By releasing the Firmware update 3.21 and thereby removing the Other OS

14   feature, SCEA intentionally and wrongfully exercised control over, took, damaged, and/or

15   interfered with Plaintiff's and the Class's property.

16      98.    Plaintiff is informed and believes, and thereon alleges that SCEA's

17   aforementioned wrongful acts were willful and malicious in that SCEA intended to

18   wrongfully exercise control over, take, damage, and/or interfere with Plaintiff's and the

19   Class's property.

20      99.    As a direct and proximate result of SCEA's conversion of Plaintiff's and the

21   Class's property, Plaintiff and each member of the Class have been injured and have

22   suffered damages in a measure and amount to be determined at trial.

23                          **FIFTH CAUSE OF ACTION**

24   **(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*)**

25      100.   Plaintiff hereby incorporates by reference paragraphs 1 through 99, inclusive

26   of this Complaint, as though fully set forth in this cause of action.

27      101.   The Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C.§ 2301,

28   *et seq.*, provides a private right of action for purchasers of consumer products against

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  manufacturers or retailers who, *inter alia*, fail to comply with the terms of a written or

2  implied warranty.  15 U.S.C. § 2310(d)(1).  As demonstrated above, SCEA has failed to

3  comply with the terms of its written and implied warranties with regard to the sale of its

4  PS3s.

5       102.  SCEA's PS3s are "consumer products," as that term is defined in § 2301(1)

6  of Magnuson-Moss.

7       103.  SCEA is a "warrantor," as that term is defined in § 2301(5) of Magnuson-

8  Moss.

9       104.  Plaintiffs and each member of the Class are "consumers," as that term is

10  defined in § 2301(3) of Magnuson-Moss.

11       105.  SCEA had reasonable and adequate notice of Plaintiff's and the Class's

12  claims of breach of SCEA's express written and implied warranties from the sale of its

13  PS3s, and was given a reasonable opportunity to cure its failure to comply with those

14  warranties.  However, SCEA never cured.

15       106.  As a result of SCEA's breach of its written and implied warranties through

16  Magnuson-Moss, Plaintiffs and members of the Class have been injured and are entitled to

17  equitable/injunctive relief and/or damages in a measure and amount to be determined at

18  trial.

19  **SIXTH CAUSE OF ACTION**

20  **(Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising))**

21       107.  Plaintiff hereby incorporates by reference paragraphs 1 through 106,

22  inclusive of this Complaint, as though fully set forth in this cause of action.

23       108.  SCEA has engaged in false advertising as it disseminated false and/or

24  misleading statements regarding the PS3.

25       109.  SCEA knew or should have known by exercising reasonable care that its

26  representations were false and/or misleading.  Beginning in 2006 and continuing through

27  April 2010, SCEA engaged in false advertising in violation of Cal. Bus. & Prof. Code

28  §§ 17500, *et seq.*, by misrepresenting in its advertising, marketing, and other

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1 communications disseminated to Plaintiff, the Class, and the consuming public that the

2 PS3 was capable of being used as a personal computer via the "Other OS" feature.

3     110. Beginning in or about 2006 and continuing up to April 2010, SCEA engaged

4 in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*, by omitting, failing

5 to disclose, and/or concealing the material fact that it could disable the "Other OS" feature

6 and that it intended to do so via the Firmware update 3.21. The Firmware update 3.21

7 disabled the ability of Plaintiff and the Class to utilize the "Other OS" feature and utilize

8 the PS3 as a personal computer.

9     111. By disseminating and publishing these statements in connection with the sale

10 of its goods, SCEA has engaged in and continues to engage in false advertising in violation

11 of Bus. & Prof. Code §§ 17500, *et seq.*

12     112. As a direct and proximate result of SCEA's conduct, as set forth herein,

13 SCEA has received ill-gotten gains and/or profits, including, but not limited to money.

14 Therefore, SCEA has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code § 17535,

15 Plaintiff requests restitution and restitutionary engorgement for all sums obtained in

16 violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

17     113. Plaintiff seeks injunctive relief, restitution, and restitutionary engorgement of

18 SCEA's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

19     114. Plaintiff and the Class seek to enjoin SCEA from engaging in these wrongful

20 practices, as alleged herein, in the future, including but not limited to disabling other

21 features of the PS3. There is no adequate remedy at law and if an injunction is not

22 ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

23     **SEVENTH CAUSE OF ACTION**

24     **(Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition))**

25     115. Plaintiff hereby incorporates by reference paragraphs 1 through 114,

26 inclusive of this Complaint, as though fully set forth in this cause of action. Cal. Bus. &

27 Prof. Code § 17200 prohibits acts of "unfair competition." As used in this section, "unfair

28 competition" encompasses three distinct types of misconduct: (a) "any unlawful . . .

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1 | business act or practice;" (b) "any . . . unfair or fraudulent business act or practice;" and (c)

2 | "any . . . unfair, deceptive, untrue or misleading advertising."

3 | 116.   SCEA knew or should have known by exercising reasonable care that its

4 | representations were false and/or misleading.  Beginning in 2006 and continuing through

5 | April 2010, SCEA engaged in practices which violate Cal. Bus. & Prof. Code §§ 17200, *et*

6 | *seq.*, by misrepresenting in its advertising, marketing, and other communications

7 | disseminated to Plaintiff, the Class, and the consuming public that the PS3 was capable of

8 | being used as a personal computer via the "Other OS" feature.

9 | 117.   Beginning in or about 2006 and continuing up to April 2010, SCEA engaged

10 | in practices which violate Bus. & Prof. Code §§ 17200, *et seq.* by omitting, failing to

11 | disclose, and/or concealing the material fact that it could disable the "Other OS" feature

12 | and that it intended to do so via the Firmware update 3.21.  The Firmware update 3.21

13 | disabled the ability of Plaintiff and the Class to utilize the "Other OS" feature and utilize

14 | the PS3 as a personal computer.

15 | 118.   The aforementioned conducted violated the Unfair Competition Law by

16 | breaching the express warranty provided to the Plaintiff and the Class with the PS3.

17 | 119.   SCEA disseminated unfair, deceptive, untrue, and/or misleading advertising

18 | in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*,

19 | when it misrepresented, failed to disclose, and/or concealed the true defective nature of the

20 | PS3 in its advertising, marketing, and other broadly disseminated representations.

21 | 120.   SCEA's above-described conduct constitutes "unfair" business practices

22 | within the meaning of the Unfair Competition Law insofar as SCEA's business practices

23 | alleged herein are immoral, unethical, oppressive, unscrupulous, and/or substantially

24 | injurious to consumers.

25 | 121.   SCEA's above-described conduct constitutes "fraudulent" business practices

26 | within the meaning of the Unfair Competition Law insofar as SCEA's business practices

27 | alleged herein are likely to deceive members of the public.

28 | 122.   These above-described unfair and fraudulent business practices and false and

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   misleading advertising by SCEA present an ongoing threat to Plaintiff and the Class.
2   Plaintiff is informed and believes, and thereon alleges that SCEA has systematically
3   perpetrated deceptive and unfair practices upon members of the public and has
4   intentionally deceived Plaintiff and the Class.

5       123.   In addition, the use of media to promote the sale of PS3 through false and
6   deceptive representations constitutes unfair competition and unfair, deceptive, untrue, or
7   misleading advertising within the meaning of the Unfair Competition Law.

8       124.   SCEA further violated the Unfair Competition Law by engaging in unlawful
9   conduct, including but not limited to, failing to comply with the Magnuson-Moss Warranty
10  Act (15 U.S.C. §§ 2301, *et seq.*).

11      125.   As a direct and proximate result of SCEA's violation of the Unfair
12  Competition Law, Plaintiff and the Class Members have suffered harm in that they would
13  not have purchased or would have paid less for the PS3 if Plaintiff and the Class had
14  known that SCEA would disable the "Other OS" feature.

15      126.   As a direct and proximate result of SCEA's violation of the Unfair
16  Competition Law, Plaintiff and the Class Members have suffered harm in that they
17  purchased a PS3 that no longer works as a personal computer, and have incurred or will be
18  required to incur costs to replace or repair their PS3 with a personal computer.

19      127.   As a direct and proximate result of SCEA's violation of Cal. Bus. & Prof.
20  Code §§ 17200, *et seq.*, SCEA has been unjustly enriched at the expense of Plaintiff and
21  the Class and should be required to make restitution to Plaintiff and the Class Members or
22  make restitutionary disgorgement of its ill-gotten profits pursuant to Cal. Bus. & Prof.
23  Code § 17203.

24      128.   The refusal to reverse the Firmware update 3.21 and the threat of future
25  modifications to the specifications as represented, advertised, and disseminated to the class
26  constitute ongoing violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and justify an
27  issuance of an injunction requiring SCEA to act in accordance with the law.  All remedies
28  are cumulative pursuant to Cal. Bus. & Prof. Code § 17205.

129.   Plaintiff, on behalf of himself and all others similarly situated, demand s judgment against SCEA for injunctive relief in the form of restitution, and/or restitutionary disgorgement, and/or injunctive relief in the form of enabling the Other OS function of the PS3, and an award of attorneys' fees.

130.   Plaintiff and the Class seek to enjoin SCEA from engaging in these wrongful practices as alleged herein, in the future.  There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all others similarly situated, requests that the Court enter judgment against SCEA, as follows:

1.   An order certifying the proposed Class, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2.   An order enjoining SCEA from further deceptive advertising, marketing, distribution, and sales practices with respect to the PS3 and to enable the Other OS feature on the PS3;

3.   An award to Plaintiff and the Class of compensatory, consequential, and statutory damages, including interest thereon, in an amount to be proven at trial;

4.   An order requiring the restitution and restitutionary disgorgement to the Class of all profits unlawfully obtained by SCEA;

5.   An award of attorneys' fees and costs, as allowed by law;

6.   An award of pre-judgment and post-judgment interest, as provided by law;

7.   For leave to amend the Complaint to conform to the evidence produced at trial; and

8.   Such other or further relief as may be appropriate under the circumstances.

/ / /

/ / /

/ / /

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Jonathan Huber, on behalf of himself and all others similarly situated,

3 demands a trial by jury of any and all issues in this action so triable.

4 DATED: May 21, 2010

5

6                                       By: _Daniel Warshaw_____

7                                            DANIEL L. WARSHAW

8                                       BRUCE L. SIMON (Bar No. 96241)
                                        bsimon@pswplaw.com
                                        **PEARSON, SIMON, WARSHAW & PENNY,**
9                                       **LLP**
                                        44 Montgomery Street, Suite 2450
10                                      San Francisco, California 94104
                                        Telephone: (415) 433 9000
11                                      Facsimile:  (415) 433 9008

12                                      MICHAEL P. LEHMANN (Bar No. 77152)
                                        mlehmann@hausfeldllp.com
13                                      **HAUSFELD LLP**
                                        44 Montgomery Street, Suite 3400
14                                      Telephone: (415) 633-1908
                                        Facsimile:  (415) 693-0770
15
                                        DANIEL L. WARSHAW (Bar No. 185365)
16                                      dwarshaw@pswplaw.com
                                        **PEARSON, SIMON, WARSHAW &**
17                                      **PENNY, LLP**
                                        15165 Ventura Boulevard, Suite 400
18                                      Sherman Oaks, California 91403
                                        Telephone: (818) 788-8300
19                                      Facsimile:  (818) 788-8104

20                                      MICHAEL D. HAUSFELD*
                                        mhausfeld@hausfeldllp.com
21                                      JAMES J. PIZZIRUSSO*
                                        **HAUSFELD LLP**
22                                      1700 K Street NW, Suite 650
                                        Washington, DC  20006
23                                      Telephone: (202) 540-7200
                                        Facsimile:  (202) 540-7201
24
                                        Attorneys for Plaintiff Jonathan Huber and All
25                                      Others Similarly Situated

26                                      *Admission to practice *pro hac vice* to be
                                        submitted
27

28

814656.214656.1

26

CLASS ACTION COMPLAINT